# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

DONALD BUECHNER, individually, and as
executor of the estate of MICHAEL BUDZAK,
deceased, and as guardian and conservator of
MICHAEL BUDZAK, an adult incapacitated
person at the time of death,

       Plaintiff,

vs.                                     No. CIV 04-0967 MV/LFG

UNITED STATES OF AMERICA,

       Defendant.

### DEFENDANT'S REQUESTED FINDINGS
### OF FACT AND CONCLUSIONS OF LAW

#### Requested Findings

1.     Mr. Michael Budzak died on November 27, 1999 from Cardiac Arrythmia and Congestive Heart Failure.

2.     Michael Budzak had a urinary stone in his bladder at all times material hereto, which, on occasion would block urinary flow from the bladder and would require catheterization to drain the blocked urine.

3.     Michael Budzak lacked mental capacity to make informed decisions as determined by the Department of Veterans Affairs and was adjudicated incompetent by a New Mexico District Court.

4.     Plaintiff Donald Buechner's Administrative Claim for Damage, Injury, or Death(SF95) was received by the Department of Veterans Affairs on November 5, 2001.

5.      The date of the claimed injury is identified on the SF95 as November 27, 1999, the date of Mr. Budzak's death.

6.      The claimed injury is described on the SF95 as, "Medical Malpractice, Failure to contact a Representative Before Making a Medical Decision."

7.      The only date identified on the SF95 in which a failure to contact a representative is listed as May 11, 1999.

8.      Plaintiff had two years from the date the claim accrued pursuant to Statute 28 U.S.C. § 2401(b) to file his administrative claim.

9.      The non emergent/ non urgent bladder surgery scheduled on May 11, 1999 for removal of the bladder stone was cancelled for medical reasons including the unrelated cardiac pathology.  The surgical risk outweighed the potential benefit of surgery at that time.

10.     Two Medical Experts have been disclosed by Defendant in this case.

11.     Dr. Neal Shadoff, Cardiologist, provided unrebutted medical opinions stating that Mr. Budzak had multiple serious co-morbidities including congestive heart failure, atrial fibrillation and hypertensive cardiovascular disease which resulted in an excessive risk for urological surgery.

12.     Dr. David Pitcher, Surgeon, provided unrebutted medical opinions stating that the surgeon and anesthesiologist is obliged not to proceed with surgery in the event they believe proceeding would not be in a patient's best interest such as when the risks outweigh any benefits.

13.     The Initial Pre-Trial Report, (Doc #19) , set May 13, 2005 as the date Plaintiff was to provide his expert report pursuant to Fed. R. Civ. P.

2

26(a)(2)(B) no later than May 13, 2005.

14. Plaintiff filed an Unopposed Motion to extend this deadline by one month on April 12, 2005.  (Doc #21).

15. The extension was granted by this Court's Order dated April 20, 2005. (Doc # 23)

16. Plaintiff filed another Unopposed Motion to extend this deadline by one month on May 12, 2005.  (Doc # 24)

17. The extension was granted by this Court's Order dated June 8, 2005.

18. Plaintiff's Counsel advised by letter dated July 29, 2005 that he would not be retaining "any medical or other experts" to testify on Plaintiff's behalf.

19. Plaintiff's Counsel Certified this letter as being his expert disclosure pursuant to Fed. R. Civ. P 26(a)(2)(B).

20. Dr. Haaland, a Department of Veterans Affairs Neuropsychologist, examined Mr. Budzak in 1998 and determined that he lacked capacity to make financial or health care decisions based on his dementia.

21. Dr. Haaland testified that Dr. Le, as the treating provider makes the final decision as to proceeding with a surgical or medical decision.

22. Dr. Haaland stated that on May 11, 1999, Dr. Le was justified in considering Mr. Budzak's perioperative or postoperative compliance in determining whether surgery should be performed.

23. Dr. Gary Farmer, VA Family Practice treating physician testified that he could not say whether removal of the bladder stone would have changed the outcome in this case, specifically Mr. Budzak's death due to unstable

cardiac arrythmia.

24.    Dr. Farmer testified that ultimately it is the surgeon's call as to proceeding

with surgery.

25.    Dr. Farmer found the refusals to operate in April, May and November,

1999, and stated that in each instance it was the surgeon's ultimate

decision as to whether to operate or not and that in each instance the

standard of care was met.

26.    Dr. Shadoff, Defense Expert found that Mr. Budzak's death in November

1999 was as a result of his other medical conditions and not his urological

disorder.

## Conclusions of Law

1.    Plaintiff did not file his administrative claim (SF95) within two years of the

date of the alleged malpractice.

2.    Plaintiff has not provided any expert testimony from either retained experts

or treating physicians to establish a breach of standard of care in not

proceeding with surgery on Mr. Budzak.

4

3.      Defendant United States of America through its medical providers met the

standard of care in its care and treatment of Michael Budzak, deceased.


                                Respectfully submitted,

                                DAVID C. IGLESIAS
                                United States Attorney


                                Filed Electronically 10-14-05
                                VIRGIL H. LEWIS II
                                Assistant U.S. Attorney
                                P.O. Box 607
                                Albuquerque, New Mexico 87103
                                (505) 346-7274

        I HEREBY CERTIFY that on October 14, 2005, a true and correct copy of the

foregoing pleading was mailed to the following counsel of record:

Jay R. Hone, Esq.
THE HONE LAW FIRM, P.C.
1776 Montano Rd., NW, Bldg. 3
Albuquerque, NM 87107


                                _____/s/_____
                                VIRGIL H. LEWIS II
                                Assistant U.S. Attorney

*N:\VLewis\cases\Buechner\findings and conclusions.wpd*